**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Billy LOCKE, Defendant-Appellant.**
**No. 28200**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 20, 1970.

. Rehearing Denied May 15, 1970.

Edward E. Crowell, Jr., Dallas, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Andrew Barr, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

PER CURIAM:

■ Appellant was indicted for escape from confinement at the Federal Correctional Institution at Seagoville, Texas, under 18 U.S.C. § 751.[1] Appellant, who was represented by court-appointed counsel, entered a plea of not guilty, but was found guilty by a jury on July 7, 1969. He was sentenced to three years in the custody of the United States Attorney General, the sentence to run consecutively to the sentence he was serving at the time of the escape.

I.

At the trial the government introduced certain exhibits[2] as proof of the elements of the offense charged against defendant; the elements sought to be proved by the exhibits were (1) a conviction, (2) an escape, and (3) the fact that the escape was from a confinement based upon the conviction. Appellant's basic contentions in this Court are that the government exhibits were not certi-

fied and authenticated and thus were not competent proof of the elements of the offense charged and were improperly admitted.

Rule 27 of the Federal Rules of Criminal Procedure provides that an official record may be proved in the same manner as in civil actions. Rule 44 of the Federal Rules of Civil Procedure is thus applicable to this case and provides:

(a) Authentication.

(1) Domestic. An official record kept within the United States * * *, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.

None of the first eight exhibits introduced by the government were authenticated or certified in accordance with subsection (a) of Rule 44, and thus ap-

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

2. Government Exhibit 1 is a judgment and commitment of the defendant for observation. Exhibit 2 is a designation from the Bureau of Prisons committing the defendant to the federal institution at Chilli-

cothe, Ohio. Exhibit 3 is a judgment and commitment of the defendant for treatment and supervision. Exhibit 4 is a designation from the Bureau of Prisons committing the defendant to the federal reformatory at El Reno, Oklahoma. Exhibit 5 is an authorization of the Board of Parole to parole the defendant. Exhibit 6 is a parole violator warrant for the defendant. Exhibit 7 is a designation from the Bureau of Prisons committing the defendant to the federal reformatory at El Reno, Oklahoma. Exhibit 8 is authorization to transfer the defendant from the federal reformatory at El Reno to the federal correctional institution at Seagoville, Texas.

pellant argues that the trial judge committed reversible error in allowing those exhibits to be introduced over objection.

Appellant's argument, however, ignores subsection (c) of Rule 44, which states:

> This rule does not prevent the proof of official records or of entry or lack of entry by any method authorized by any applicable statute or by the rules of evidence at common law.

Thus, as this Court stated in Pardo v. United States, 5th Cir. 1966, 369 F.2d 922:

> * * * a mere showing of noncompliance with the requirements of subsection (a) of Rule 44 does not establish error in the method of introduction * * * At common law, an official record can be properly authenticated by direct testimony of a custodian through whom the record is introduced.

This principle was again asserted in Lowe v. United States, 5th Cir. 1968, 389 F.2d 51, wherein this Court stated:

> Colonel Tully, the Deputy State Director, Selective Service System, testified at trial that he brought the records with him and that under the Selective Service regulations he was the custodian of these records. Therefore a proper basis was laid for admitting the documents in question.

In the case before us, Mr. G. W. James, administrative assistant in charge of the records at the Federal Correctional Institution at Seagoville, Texas, testified that he received all commitments and discharged all inmates from the Federal Correctional Institution, which is operated by the Bureau of Prisons of the Department of Justice. Records introduced into evidence as Government Exhibits 1–8 were each identified by Mr. James as an official record of the Bureau of Prisons for the defendant Billy Locke, kept and maintained in the file of the defendant under the supervision of Mr. James and in his custody, at the direction of the Bureau of Prisons and in the regular course of Bureau of Prisons business. Mr. James testified that the records introduced into evidence as Government Exhibits 1–8 reflected transactions or events that occurred in the course of Bureau of Prisons business and that it was the regular practice of the Bureau of Prisons to maintain such records as these.

■ Since Mr. James was the official custodian of the records introduced as government exhibits and since he testified that they were authentic, the trial court did not commit reversible error in allowing those documents to be introduced into evidence.

II.

■ Appellant also complains of the introduction of a statement signed by appellant that states in part:

> I understand that leaving my place of employment without permission from the Warden, or his authorized representative, or failure to return to the Institution within the time prescribed, shall be deemed an escape from the custody of the Attorney General.

This statement was part of a general form that appellant had signed when he entered the institution at Seagoville. Appellant claims that this statement was introduced as a "confession" and, as such, prejudiced his Fifth Amendment right of due process. The argument is without merit. The signed statement provided competent proof that appellant knew at the time of his escape that failing to return to the federal institution at the prescribed time would be deemed an escape from the custody of the Attorney General. The government bore the burden of proving that appellant, in failing to return to the institution at the prescribed time, acted "knowingly," "willfully" and "unlawfully" and the signed form was competent evidence to prove such intent, and therefore the trial court did not commit reversible error by admitting the form into evidence.

Affirmed.