UNITED STATES of America,
Plaintiff-Appellee,

v.

John Wesley PHIPPS,
Defendant-Appellant.

No. 76–2411
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1976.

P. Bruce Kirwan, Federal Public Defender, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Dorothy T. Beasley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

When about three months were left in Appellant Phipps' prison term, the government transferred him to a Federal "pre-release" center. At that time, officials of the center explained to Phipps that he could leave during the day after signing out, but that he must return each night. On September 4, 1975, six weeks before his scheduled release date, Phipps failed to return after signing out first for 8 p. m., and later for 11 p. m. The police located him on December 7, 1975, and arrested him for violations of 18 U.S.C. §§ 4082(d) and 751: escape from a federal community center. Phipps appeals from the jury verdict of

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

guilty, claiming that the trial judge erred in denying his motion for acquittal made at the close of the government's evidence, since the government allegedly failed to prove he had the specific intent to escape. We affirm.

First, Phipps' appeal fails because of the rule that where, as here, a defendant puts on evidence after moving for acquittal under F.R.Crim.P. 29(a), he waives objection to the denial of that motion unless he renews his motion at the close of all the evidence. *United States v. Perez*, 526 F.2d 859 (5 Cir. 1976); *United States v. Edwards*, 488 F.2d 1154 (5 Cir. 1974). No renewed motion was made.

An exception to the above rule has been suggested where to deny the appeal would further a manifest miscarriage of justice. *United States v. Perez*, 526 F.2d 859 (5 Cir. 1976) (dicta). If it exists, the exception does not apply here. The evidence in the instant case supports the jury verdict and does not result in a manifest injustice. The procedures of the center were well-known to Phipps. Despite his asserted illiteracy and low intelligence, he demonstrated his understanding of the signout procedure by returning on the day he escaped long enough to change the time. He never made any attempt to return during the entire three-months period. Appellant insists that he did not escape "willfully" because he left upset and confused over the alleged death of his brother (still unconfirmed). Needless to say, however, the government's proof does not have to show that he intended to escape at the moment he left the correction center. *Chandler v. United States*, 378 F.2d 906, 907–08 (9 Cir. 1967). The jury could fairly have inferred that Phipps formed the requisite intent later, although still "on or about the 4th day of September, 1975," as the indictment charges.

AFFIRMED.