UNITED STATES of America,
Plaintiff-Appellee,

v.

Darwin Darce BRACKETT,
Defendant-Appellant.

No. 77–5791.

United States Court of Appeals,
Fifth Circuit.

Oct. 30, 1978.

P. Bruce Kirwan, Federal Public Defender, John R. Martin, Asst. Federal Public Defender, Atlanta, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., Jerome J. Froelich, Jr., Charles S. Saphos, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, GEE and HILL, Circuit Judges.

PER CURIAM:

This case involves what is generally called a "walkaway" from the Community Treatment Center ("CTC") in Atlanta, Georgia, that is, a failure of an inmate resident of the CTC to return at the prescribed time. 18 U.S.C.A. §§ 751(a), 4082. The only issue raised by Appellant which merits discussion is whether the District Court properly denied his motion for judgment of acquittal made at the trial and renewed after the jury returned a verdict of guilty. Fed.R.Crim.P. 29.[1]

1. Appellant argues that the District Court committed three other reversible errors: (1) Refusing to suppress, as impeaching evidence pursuant to Fed.R.Evid. 609, evidence of Appellant's prior bank robbery and manslaughter convictions, thereby effectively preventing Appellant from testifying in his own behalf; (2) Refusing to instruct the jury concerning whether Appellant thought he was on parole or in the custody of the Attorney General at the time of the alleged escape, giving instead too cursory an instruction on willfulness, a critical issue in the case; (3) Charging the jury to consider the extent to which the testimony of witnesses was supported or contradicted by each other after Appellant did not testify and put on only one

■ Under the statutes charged in the indictment, the crime of "escape" or "failure to return" includes an element of volition, i.e., the Government must show that the accused failed to return "knowingly," "willfully" and "unlawfully." 18 U.S.C.A. §§ 751(a), 4082(d). *See generally United States v. Spletzer*, 535 F.2d 950 (5th Cir. 1976); *United States v. Locke*, 425 F.2d 313 (5th Cir. 1970). In essence, Appellant contends that the Government's evidence of his willfulness was insufficient.

The Government established that Appellant was confined to the CTC pursuant to a valid judgment and conviction. When he first arrived at the CTC, Appellant was informed of the rules and regulations of the institution. He was orally informed and signed a written acknowledgment of his understanding that he would be charged with escape if he did not return to the CTC at the appropriate time after having signed-out. The Government's evidence went so far as to establish that Appellant signed-out at eight o'clock in the morning of March 5, 1977, in order to go to the dry cleaner and he entered a return time of eight o'clock that evening on the sign-out sheet. The Government's further evidence was that the Appellant was declared an escapee two days later, after efforts to locate him proved unsuccessful. There also was evidence that Appellant had escaped from a similar facility under virtually identical circumstances. That is as far as the Government's proof went. As a result, we do not know how far Appellant went. There is absolutely no evidence concerning Appellant's activities subsequent to his signing-out on March 5, 1977. But, there was no suggestion in any of the evidence that Appellant's failure to return was not volitional. *See United States v. Spletzer*, 535 F.2d 950 (5th Cir. 1976). We cannot go so far as to hold that there was not sufficient evidence to support the jury's determination of guilt.

witness. Brief of Appellant at 4. We have carefully considered the written and oral arguments and the record. We agree with the

Of course, on an appeal from a judgment entered on a jury verdict the evidence must be viewed in the light most favorable to the government. And, we are constrained to make all reasonable inferences and credibility choices as will support the jury's verdict of guilty. The matter of a defendant's guilt is committed to the decision of the jury, unless the reviewed court or the reviewing court concludes that the jury *must* necessarily have had a reasonable doubt. We must affirm Appellant's conviction if we conclude that the jury *could* have been convinced by the evidence of his guilt beyond a reasonable doubt. *See generally, e. g., United States v. Gandolfo*, 577 F.2d 955 (5th Cir. 1978) and cases cited; *United States v. Squella-Avendano*, 478 F.2d 433 (5th Cir. 1973). In *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954), Mr. Justice Clark observed: "[A] jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. . . . [T]he jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

We hold the evidence here was sufficient both to raise a jury question on the issue of Appellant's willfulness and to sustain the judgment entered on the jury's verdict. *See United States v. Phipps*, 543 F.2d 576 (5th Cir.), *cert. denied*, 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 564 (1976); *United States v. Spletzer*, 535 F.2d 950 (5th Cir. 1976); *United States v. Locke*, 425 F.2d 313 (5th Cir. 1970); *Chandler v. United States*, 378 F.2d 906 (9th Cir. 1967); *McCullough v. United States*, 369 F.2d 548 (8th Cir. 1966). Therefore, the District Court's judgment is

AFFIRMED.

Government's arguments, Appellant's contentions do not establish reversible error.