**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sherman H. MERRITT and Lupe Merritt, Defendants-Appellants.**

No. 80–1802
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 12, 1981.

Lewis P. Terrell, Lubbock, Tex., for defendants-appellants.

Kenneth J. Mighell, U.S. Atty., Fort Worth, Tex., Paulina M. Jacobo, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants Dr. Sherman Merritt and Lupe Merritt were found guilty, after a jury trial, on three counts each of an indictment charging failure to file income tax returns in violation of 26 U.S.C. § 7203. They appeal their conviction, asserting the district court erred in failing to grant their motion for acquittal on the grounds 1) that there was insufficient evidence to show that Sherman Merritt was willful in failing to file a tax return, 2) that the evidence was insufficient to prove Lupe Merritt was married to Sherman Merritt and therefore entitled to one half of the income under Texas community property law, and 3) that the Government was estopped from prosecuting them since it possessed the records necessary to file the returns. Sherman Merritt also contends the court erred in making the payment of taxes and fines a condition of probation. We find no reversible error and affirm.

The fact that neither appellant filed an income tax return for the years 1973, 1974 and 1975 is uncontested. The Government introduced evidence to show that in each of those years Dr. Merritt, a radiologist, earned in excess of $100,000 for his services. The Government allocated one half of Dr. Merritt's gross income to his wife, Lupe Merritt, in accordance with the community property laws of the State of Texas as they apply to income tax.

At the close of the Government's evidence, the attorney for appellants moved for acquittal,[1] claiming that the evidence was insufficient to sustain a conviction. Specifically, appellants contended that the Government had neither shown that Dr. Merritt willfully failed to file his return[2] nor proven that Lupe Merritt was married to Dr. Merritt. The district court denied appellants' motion. Appellants failed to re-

1. Appellants characterize their motion as a motion for a directed verdict. However, Fed.R.Crim.P. 29(a) abolished motions for directed verdicts and substituted motions for judgment of acquittal in their place. Fed.R.Crim.P. 29(a) reads in pertinent part as follows:

    (a) Motion before Submission to Jury. Motions for directed verdicts are abolished and motions for judgment of acquittal shall be used in their place.

2. Willfulness of the defendant in failing to file an income tax return is one of the elements which must be proven before the defendant can

new their motion for acquittal at the close of all the evidence.

It is well recognized that where a defendant presents evidence after moving for a judgment of acquittal, he waives objection to the denial of that motion unless he renews his motion at the conclusion of all the evidence. If the motion for acquittal is not renewed at the close of the evidence, the issue of sufficiency of the evidence is reviewable on appeal only to determine whether there was a manifest miscarriage of justice. *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980); *United States v. Phipps*, 543 F.2d 576, 577 (5th Cir. 1976), *cert. denied*, 429 U.S. 110, 97 S.Ct. 1146, 51 L.Ed.2d 564 (1977); *United States v. Edwards*, 488 F.2d 1154, 1158 (5th Cir. 1974). We find no such manifest injustice here. A review of the record shows the evidence is sufficient to support a determination that Dr. Merritt's failure to file was willful and that he was indeed married to Lupe Merritt.

Appellants also argue that the Government is estopped from prosecuting them because the Government had possession of their records, thus preventing them from being able to file tax returns. We find this argument without merit. Appellants cite no authority upon which to base their contention. In addition, the evidence shows that no records were seized until after the filing period for the years in question had expired. Further, testimony makes clear that the Internal Revenue Service was willing to provide access to the records for the purpose of filing a tax return had any such request been made.

Finally, Dr. Merritt asserts the district court erred in making payment of fines and taxes a condition of probation. He asserts that taxes owed constitute a debt, and it is unconstitutional to imprison someone for owing a debt. Dr. Merritt also contends the court erred in failing to determine if he possessed sufficient assets to pay the taxes owed or the fines imposed. He appears to be claiming he is indigent and therefore

unable to pay either the taxes or the fines. Thus, he claims the sentence is invalid in light of *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) and *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), since he will be imprisoned for longer than someone who has the ability to pay the fine.

Dr. Merritt was ordered imprisoned for one year on each of the three counts for which he was convicted, sentences to run consecutively. He was also fined $10,000 on each count and was ordered to stand committed until the fines are paid or he is discharged by due process of law. The court suspended the sentence as to imprisonment on the final count and placed him on a two-year probation to commence upon completion of the sentences for the first two counts. As a special condition of this probation, Dr. Merritt was required to timely file lawful income tax returns and pay taxes, including the past years, in the amount shown by such returns.

Dr. Merritt's contention that imprisonment for failure to file tax returns is an unconstitutional imprisonment for owing a debt has been held to be frivolous. *United States v. Douglass*, 476 F.2d 260, 264 (5th Cir. 1973).

It is clear under 18 U.S.C. § 3651 that the district court has "an exceptional degree of flexibility" in which to enact reasonable conditions upon probation. *Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 156, 77 L.Ed. 511 (1932). Such conditions are reviewable only upon abuse of that discretion. *United States v. McCleod*, 608 F.2d 1076, 1078 (5th Cir. 1979). *See also United States v. Alarik*, 439 F.2d 1349, 1351 (8th Cir. 1971). In viewing the record below we find no abuse of discretion in conditioning probation upon payment of fines or taxes. *See United States v. McDonough*, 603 F.2d 19, 24 (7th Cir. 1979). Payment of taxes for those years concerned in the indictment as well as those taxes which fall due during the probationary period are well within the purview of 18 U.S.C. § 3651.

be convicted of violating 26 U.S.C. § 7203. Willfulness requires that the failure to file must be committed purposefully with an awareness

of the action, and not just negligently or inadvertently. *United States v. Smith*, 618 F.2d 280, 282 (5th Cir. 1980).

As for Dr. Merritt's claim of indigency, it is clear that the district court may not sentence a person beyond the maximum allowed by statute for an involuntary nonpayment of a fine. *Tate v. Short, supra,* 401 U.S. at 399–401, 91 S.Ct. at 671, 672; *Williams v. Illinois, supra,* 399 U.S. at 240, 241, 90 S.Ct. at 2022. If Dr. Merritt is truly indigent, he should not be penalized for his inability to pay the fines. However, the proper time for consideration of his financial condition will arise when Dr. Merritt becomes eligible for the probated portion of his sentence. The district court recognized the limitations of imprisonment when it ordered Dr. Merritt to stand committed until the fines are paid or until otherwise discharged by *due process of law.* Under due process of law, if Dr. Merritt is determined to be truly indigent, he can be imprisoned no longer than the three-year maximum for the three counts of which he was convicted.

Accordingly, finding no manifest miscarriage of justice or abuse of discretion, the judgment of conviction is affirmed.

AFFIRMED.