**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nestor RUIZ, Jr., Defendant–Appellant.**

No. 88–2148.

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1988.

---

G. Rudolph Garza Jr., Corpus Christi, Tex., (court-appointed), for defendant-appellant.

Robert A. Berg, Asst. U.S. Atty., Henry K. Onckern, U.S. Atty. Corpus Christi, Tex., Paula C. Offenhauser, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, SNEED * and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Nestor Ruiz was convicted under 21 U.S.C. § 841 of possession with intent to distribute a controlled substance and under 21 U.S.C. § 846 of conspiracy to possess with intent to distribute a controlled substance. He appeals these convictions on the basis of insufficiency of evidence. Upon a review of the record and applicable law, we affirm the district court and deny Nestor's appeal.

## I. *Facts*

Elijio Ruiz, Nestor's cousin, was stopped at a border checkpoint on April 25, 1987, in Falfurrias, Texas, while driving a truck registered to Nestor. The truck was carrying what appeared to be a full load of pineapples. Because of suspicious circumstances, a border patrol agent searched the truck with Elijio's consent and found over 127 kilograms of marihuana. Also in the truck, the border patrol agent found painted signs that advertised the produce business of Nestor and an invoice for the pineapples that named Nestor as the purchaser.[1]

Nestor was subsequently arrested on May 16, 1987, at the same checkpoint. After again having probable reason for suspicion, a border patrol agent searched Nestor's car and approximately 133 kilograms of marihuana were found in the trunk, along with a gram of cocaine found on the front seat.

---

* Circuit Judge of the Ninth Circuit, sitting by designation.

1. The invoice depicts Nestor's full name: Nestor Ruiz, Jr. as the purchaser.

Nestor was indicted in the Southern District Court for the Southern District of Texas on November 9, 1987, for conspiring to possess marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 21 U.S.C. § 846 [2] (count 1); for possession of 127 kilograms of marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (count 2); for possession of 133 kilograms of marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (count 3); and for possession of one gram of cocaine in violation of 21 U.S.C. § 844 (count 4).

Nestor was convicted and sentenced on all counts in January of 1988. Nestor limits this appeal, challenging the jury's verdict of guilt only as to counts one and two. Count 1 alleged the conspiracy from April 25 through May 16. Count 2 alleged the possession of with intent to distribute the marihuana discovered on April 25 when Elijio attempted to cross the border. Nestor argues that the defect as to count 1 and 2 is the same: the government failed to establish a knowledge on his part of Elijio's actions or a willing participation on his part in the attempted possession of the marihuana by Elijio on April 25.

## II. *Standard of Review*

■ The usual standard applied when insufficiency of evidence to support a conviction is raised is whether, viewing the evidence presented and all inferences reasonably drawn therefrom in the light most favorable to the government, any rational trier of fact properly could have found each element of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Hernandez–Palacios*, 838 F.2d 1346, 1348 (5th Cir.1988); *United States v. Bell*, 678 F.2d 547, 549

(5th Cir.1982) (en banc), aff'd, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

Nestor moved for a judgment of acquittal based on insufficiency of evidence only at the close of the government's evidence, failing to renew this motion at the conclusion of the presentation of his defense. This failure waived any objection to the denial of his motion. *United States v. Hall*, 845 F.2d 1281, 1284 (5th Cir.1988); *United States v. Fagan*, 821 F.2d 1002, 1011–12 n. 7 (5th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 697, 98 L.Ed.2d 649 (1988); *United States v. Merritt*, 639 F.2d 254, 256 (5th Cir.1981).

Consequently, this Court's review is not under the usual standard of review for claims of insufficiency of evidence but rather under a much stricter standard. We are limited to the determination of "whether there was a manifest miscarriage of justice." Such a miscarriage would exist only if the record is "devoid of evidence pointing to guilt," *United States v. Ivory*, 468 F.2d 613, 614 (5th Cir.1972); or as was stated in *United States v. Bullock*, 551 F.2d 1377, 1385 (5th Cir.1977), "because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." In making this determination, the evidence, as with the regular standard for review for insufficiency of evidence claims, must be considered "in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices." *Hernandez–Palacios*, 838 F.2d at 1348.

## III. *The Conspiracy Charge*

To prove a drug conspiracy pursuant to 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt:

> both the existence of an agreement between two or more persons to violate the narcotics laws, and that each conspirator

---

**2.** 21 U.S.C. § 841(a)(1) reads:
  (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;
    . . .

21 U.S.C. § 846 reads in relevant part:
  Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment for the offense, the commission of which was the object of the attempt or conspiracy.

knew of, intended to join, and participated in the conspiracy. The essence of a conspiracy under section 846 is an agreement to violate the narcotics law. The agreement between the co-conspirators and the defendant need not be shown by direct evidence but may be inferred from circumstantial evidence, such as a concert of action. The government does not have to show an overt act in furtherance of the conspiracy. A conspiracy conviction will not be reversed merely because a defendant did not know each detail of the conspiracy, became a member after its inception, or played only a minor role in the overall scheme. While presence at the scene of the crime or close association with another involved in a conspiracy alone will not support an inference of participation in a conspiracy, presence or association is a factor that a jury may rely upon, along with other evidence, in finding conspiratorial activity by the defendant.

*United States v. Natel,* 812 F.2d 937, 940–41 (5th Cir.1987) (citations omitted).

■ The evidence against appellant on the charge of conspiracy is not overwhelming; however, when viewed in its entirety, it meets the manifest miscarriage of justice standard.[3] From the totality of the evidence, this Court is not shocked that the jury found the existence of an agreement between Nestor and Elijio to violate the narcotics laws and that Nestor knew of, intended to join, and participated in this conspiracy.

■ First, evidence of a conspirator's preexisting relationship with his co-conspirator is a factor that may be considered in determining if a conspiracy existed. *United States v. Pantoja–Soto,* 739 F.2d 1520, 1525 (11th Cir.), *cert. denied,* 470 U.S. 1008, 105 S.Ct. 1369, 84 L.Ed.2d 389 (1985). The record reflects that Elijio and Nestor are cousins. By Nestor's own testimony, he admits the family relationship and that he maintained close contact with Elijio during the time period in question. Nestor claims that he sold his truck under an oral agreement to Elijio on April 5 for $3,000, receiving $1,000 down. He also testified that he went to Elijio's house to collect the balance owed him on the truck two days prior to his own arrest. The jury was free to reject his self-serving testimony undertaking to explain the close association. It was not unreasonable for the jury to infer that during this period the relationship between the two men included actions in furtherance of a conspiracy.

Other evidence pointing to Nestor's guilt included the signs naming Nestor's produce business found in the truck when Elijio was arrested. Also the invoice for the pineapples used to cover up the marihuana in the truck was dated a day before Elijio's arrest and it displayed Nestor's name as the buyer. Nestor denied buying the pineapples, asserting that Elijio probably used his name to get a discount because Nestor is in the produce business. But again, the jury was free to disbelieve this testimony, especially in light of the fact that Elijio could have gotten the discount using his own name because the record discloses that he also is in the produce business.

Nestor admitted that the pineapples were purchased far below the cost of fresh pineapples, indicating that they were rotten. The jury could reasonably infer that Nestor purchased the pineapples to aid Elijio in attempting to cross the border with the marihuana undetected. Because the pineapples had no value for resale, the most reasonable explanation for their purchase was as a cover in the attempted drug deal.

Finally, Nestor was arrested at the same checkpoint where Elijio was arrested only three weeks later carrying roughly the same amount of illegal substances in his

---

**3.** Each item of implication standing alone would not be sufficient to uphold the verdict. As a whole, however, the evidence is sufficient. See *United States v. Barrera,* 547 F.2d 1250, 1256 (5th Cir.1977) (mere ownership of a vehicle containing contraband held to be insufficient to constitute constructive possession or to sustain a finding of conspiracy); *see also United States v. Fitzharris,* 633 F.2d 416, 423 (5th Cir.1980), *cert. denied,* 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981) (evidence that individual knows several conspirators held not to establish knowledge of and participation in a conspiracy).

own car. As mentioned previously, he admitted that he was in close contact with his cousin just prior to this arrest. Nestor's explanation was that he let Elijio borrow his car in order for Elijio to pick up the money owed on the truck. He asserted that after Elijio returned his car, he began his drive home without searching the vehicle and that he had no idea that he was carrying contraband when his car was stopped and searched. Again, the jury was free to discredit totally Nestor's explanation and to infer that the contact with Elijio just before May 16 was to plan the second attempted crossing of the border with illegal substances. The prosecution established that the car was riding very low in the back because of the heaviness of the marihuana in the trunk. The jury was free to believe the prosecution that Nestor's explanation that he had no reason to search the car was unreasonable.

The evidence pointing toward his guilty participation in a conspiracy then includes: his close association with his cousin throughout the time period in question, the use of his truck in the April 25 attempt, the invoice in his name for the rotten pineapples, the signs found in the truck, and his arrest on May 16 for approximately the same amount of marihuana and at the same checkpoint as Elijio's arrest. No manifest miscarriage of justice has been demonstrated in finding Nestor guilty of conspiracy.

## IV. *The Possession with Intent to Distribute Charge*

To support a conviction for Count 2, the government was required to prove knowing possession of the marihuana, confiscated on April 25, with intent to distribute. *Hernandez–Palacios*, 838 F.2d at 1349. "Possession may be actual or constructive, may be joint among several defendants, and may be proved by circumstantial as well as direct evidence." *United States v. Vergara*, 687 F.2d 57, 61 (5th Cir.1982). Since there is no actual evidence of Nestor's possession of the marihuana confiscated on April 25, the prosecution had to prove constructive possession. *Id.* at 62. Constructive possession has been

defined as " 'the knowing exercise of, or the knowing power or right to exercise, dominion and control over the proscribed substance.' " *United States v. Glasgow*, 658 F.2d 1036, 1043 (5th Cir.1981) (quoting from *United States v. Marx*, 635 F.2d 436, 440 (5th Cir.1981)). One who owns a motor vehicle in which contraband is concealed may be deemed to possess the contraband. *Id.; United States v. Riggins*, 563 F.2d 1264 (5th Cir.1977), *cert. denied*, 439 U.S. 848, 99 S.Ct. 148, 58 L.Ed.2d 150 (1978).

Title to the truck was in Nestor's name. Nestor testified that title was only in his name because Elijio and he agreed not to transfer title until the truck was fully paid for. The truck's registration, however, when coupled with Nestor's contact with Elijio just before Elijio's arrest, the invoice for the pineapples dated the day before Elijio's arrest displaying Nestor's name as the buyer, and the signs for Nestor's business in the truck at the time of confiscation, created sufficient proof that Nestor knew of Elijio's actions and willingly participated in the attempted possession. The jury again was free to disbelieve the evidence that Nestor had sold his truck to Elijio.

Even without the above evidence, Nestor is deemed to possess the marihuana through Elijio's possession because they were found to be co-conspirators. The possession with intent to distribute was the contemplated crime of their conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 647, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946); *see also, United States v. Garcia*, 655 F.2d 59, 62 (5th Cir.1981). No manifest miscarriage of justice has been shown in the conviction of Nestor for possession with intent to distribute marihuana.

## V. *Conclusion*

We hold that under the manifest miscarriage of justice standard of review, Nestor's convictions which are the subject of this appeal should stand. These include the counts involving the conspiracy to possess with intent to distribute and possession with intent to distribute as to the

**620**

marihuana confiscated on April 25. We reject Nestor's contention that as to each count the evidence was insufficient to sustain the conviction.

AFFIRMED.