IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11282
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICOLAS TORRES-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CR-26-1
--------------------
July 18, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:*

Nicolas Torres-Lopez (Torres) appeals his conviction and sentence on eight counts of transporting illegal aliens. See 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(ii).

Torres argues that the district court erred in denying his motion for judgment of acquittal. He contends that, even assuming that he knew they were illegally in the United States, the Government failed to prove that Torres' transportation of the eight illegal aliens was done in furtherance of the aliens' violation of the immigration law. Because Torres failed to renew

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his motion at the close of all the evidence, our review is limited to determining whether a manifest miscarriage of justice ensues from Torres' conviction. See United States v. Ruiz, 860 F.2d 615, 617 (5th Cir. 1988). From our review of the evidence, we conclude that the evidence was not so tenuous on the specific-intent element that Torres' conviction would amount to a miscarriage of justice. See id.; United States v. Merkt, 764 F.2d 266, 271-72 (5th Cir. 1985); see also United States v. Diaz, 936 F.2d 786, 788 (5th Cir. 1991) (listing elements of offense).

Torres argues that the district court abused its discretion in admitting his three prior convictions as extrinsic evidence. See FED. R. EVID. 404(b). The extrinsic evidence was relevant to Torres' knowledge and his intent. See United States v. Hernandez-Guevara, 162 F.3d 863, 871 (5th Cir. 1998), cert. denied, 119 S. Ct. 1375 (1999); United States v. Williams, 132 F.3d 1055, 1059 (5th Cir. 1998). The probative value of the evidence was not substantially outweighed by its undue prejudice. See Hernandez-Guevara, 162 F.3d at 872-73. The convictions were not so remote in time as to undercut their probative value, and the sufficient limiting instruction diminished the likelihood of any unfair prejudice. To the extent that Torres argues that the extrinsic evidence should have been excluded because of the timing of the Government's notice of intent to use Rule 404(b) evidence, we find the argument unpersuasive. The district court did not abuse its discretion in its ruling.

For the first time on appeal, Torres argues that the Government failed to provide the necessary predicate for the

introduction of the Rule 404(b) evidence and thus, the evidence was irrelevant.  We find no error, plain or otherwise. Hernandez-Guevara, 162 F.3d at 870; see Huddleston v. United States, 485 U.S. 681, 690 (1988).

Torres argues that the district court erred in admitting into evidence Gov't exhibit 1, Torres' signed statement.  Our review of the matter detects no error in the Government's authentication of the document as Torres' statement.  See United States v. Wake, 948 F.2d 1422, 1434-35 (5th Cir. 1991); Rule 901(a).  His argument is aimed more toward the weight of the evidence and not to its admissibility.  See United States v. Sutherland, 656 F.2d 1181, 1201 n.16 (5th Cir. 1981).  No abuse of discretion is evident.

AFFIRMED.