United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20010
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE ERVIN PETTAWAY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-02-CR-382-3)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bruce Ervin Pettaway was convicted by a jury of conspiracy to commit bank fraud and one count of bank fraud, in violation of 18 U.S.C. §§ 371, 1344, and 2. Pettaway appeals his convictions, arguing that there was insufficient evidence to support them. We affirm.

Pettaway submitted a motion for a FED. R. CRIM. P. 29 judgment of acquittal after the government rested its case; however, he failed to renew the motion after he presented his case and the evidence was closed. Neither did he renew his motion after the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury returned its verdict, as authorized by Rule 29(c).  Therefore he has waived any objection to the denial of his Rule 29 motion.  See United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989).

As Pettaway failed to renew his Rule 29 motion, our review is limited to the determining "whether there was a manifest miscarriage of justice."  Id. (citation and quotation marks omitted).  "Such a miscarriage would exist only if the record is devoid of evidence pointing to guilt."  Id. (citation and quotation marks omitted).  "In making this determination, the evidence, as with the regular standard . . . , must be considered in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices."  United States v. Ruiz, 860 F.2d 615, 617 (5th Cir. 1988) (citation and quotation marks omitted).  Pettaway has not adverted to the miscarriage-of-justice standard of review in his appellate brief.

Pettaway's prosecution resulted from his depositing a counterfeit check for $39,500 into his personal account at Wescom Credit Union in Pasadena, California.  The check was drawn on the Compass Bank account of Shiloh Treatment Center in the vicinity of Houston, Texas, and was made payable to Pettaway.  It bears the forged signature of Shiloh's controller.  Pettaway withdrew more than $12,000 of the proceeds of the check before his Wescom account was frozen.

Pettaway contends that the evidence was insufficient to support his conviction for bank fraud. Relying on his own trial testimony, he argues that the evidence shows, at most, that he was an unknowing participant in the effort of his codefendant, Walter Robinson, to obtain money fraudulently from Compass Bank. Pettaway asserts that there is no evidence that he "knew that the check was derived from illegal means" or stolen.

The essential elements of bank fraud under 18 U.S.C. § 1344 are "that the defendant knowingly executed or attempted to execute a scheme or artifice 1) to defraud a financial institution or 2) to obtain any property owned by, or under the custody or control of a financial institution by means of false or fraudulent pretenses, representations or promises." United States v. Odiodio, 244 F.3d 398, 401 (5th Cir. 2001). A scheme to defraud includes the use of false pretenses or representations to obtain money from the financial institution to be deceived. See United States v. Doke, 171 F.3d 240, 243 (5th Cir. 1999).

To establish an 18 U.S.C. § 371 conspiracy, the government must prove that the defendant voluntarily joined with at least one other person in an agreement to commit a federal crime and that one or more of the conspirators committed an overt act in furtherance of the agreement. United States v. McCauley, 253 F.3d 815, 819 n.6 (5th Cir. 2001). Pettaway argues that there was no evidence of an agreement between himself and any other named co-defendant. A

defendant can, however, be convicted of "conspiring with unnamed or unknown persons."  See United States v. Thomas, 348 F.3d 78, 83 (5th Cir. 2003), cert. denied, 124 S. Ct. 1481 (2004).

The scheme that was perpetrated by Pettaway and others constituted a conspiracy to commit bank fraud; and it resulted in numerous bank frauds.  The scheme included overt acts by more than one person fraudulently to order blank checks on a Compass Bank account and fraudulently to write checks on that account to obtain funds to which the conspirators were not entitled.  The evidence before the jury was sufficient for it to find that Pettaway was a knowing member of this conspiracy and that he personally committed the bank fraud charged in Count 15 of the indictment.

The jury heard evidence that Pettaway told several inconsistent stories during his attempt to explain how he came to possess the $39,500 check.  The jury was entitled to consider these inconsistent and implausible stories in determining that Pettaway was a knowing participant in the scheme to defraud and that he committed the crime of bank fraud when he deposited the check in his account and began spending the money.  See United States v. Steen, 55 F.3d 1022, 1032 (5th Cir. 1995) (inconsistent or fabricated statements can establish a defendant's guilty knowledge).  Obviously, there was more than one participant in the scheme, as the evidence established that one of Pettaway's codefendants caused the blank checks to be ordered and sent to a third person.  As the evidence was more than sufficient to support

4

Pettaway's convictions, they do not constitute a "miscarriage of justice."  See <u>Robles-Pantoja</u>, 887 F.2d at 1254.

AFFIRMED.