**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  05a0433n.06**
**Filed:  May 24, 2005**

**No. 04-1837**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **Damion Dwight Townsend,** | ) | |
| | ) | |
| **Defendant-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR** |
| **United States of America,** | ) | **THE EASTERN DISTRICT OF** |
| | ) | **MICHIGAN** |
| **Plaintiff-Appellee.** | ) | |

**Before: BOGGS, Chief Judge; RYAN and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.**  Damion Dwight Townsend appeals his conviction, by a jury, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2000).  On appeal, Mr. Townsend argues that: (1) the evidence presented by the Government at trial was constitutionally insufficient to support his conviction; and (2) trial counsel was constitutionally ineffective for failing to move to suppress his confession.  We affirm Mr. Townsend's conviction because he did not move for a judgment of acquittal at trial, thereby waiving his right to challenge the sufficiency of the evidence on appeal, and his conviction does not represent a manifest miscarriage of justice.  As to Mr. Townsend's claim that his trial counsel was constitutionally deficient for failing to move to suppress his confession as involuntary, we decline to address the merits of that argument.  Ineffective assistance of counsel claims are not heard on direct appeal absent extraordinary circumstances, and such circumstances are not present in this case.

I.

In the early morning hours of January 11, 2003, Officers Jeffrey Czarnecki and Shawn Vargo of the City of Inkster Police Department pulled over a blue Mercury for failing to signal a lane change. As the car pulled to a stop, the officers observed the driver moving in an apparent attempt to either remove or place something under the driver's seat. Officer Czarnecki approached the driver, Mr. Townsend, while Officer Vargo approached the vehicle's two passengers, Mr. Tariq Robinson and Mr. Darius Dixon. After Officer Vargo observed an open bottle of Remy Martin cognac on the floor of the front passenger's seat, Mr. Townsend and the two passengers exited the vehicle. A third officer, Ronnie Karjo, arrived and Officer Czarnecki told him to search the car starting with the driver side of the vehicle, as Officer Czarnecki believed that the defendant had placed something under the driver's seat. Mr. Townsend and Mr. Robinson observed Officer Karjo search the driver side area of Mr. Townsend's car. Officer Karjo discovered a loaded .380 semi-automatic handgun under the driver's seat of the car. Both Mr. Townsend and Mr. Robinson observed Officer Karjo remove the gun from the vehicle. Mr. Townsend explained to Officer Czarnecki that the gun was for his protection. Later that morning, at approximately 8:30 a.m., Mr. Townsend was interviewed by Detective Paul Martin. Mr. Townsend was "Mirandized," but agreed to give both an oral and written statement. Mr. Townsend admitted in a written statement that the gun found under the driver's seat was his, and that he purchased the gun for protection three months prior to the traffic stop.

Mr. Townsend was indicted for being a felon in possession of a firearm, in violation of 18

U.S.C. § 922(g). Eventually, Mr. Seymour Berger was appointed as defense counsel and Mr. Townsend proceeded to trial. Mr. Townsend and the Government stipulated that Mr. Townsend had been convicted of a felony, and that the gun had traveled in interstate commerce. The trial commenced on February 10, 2004, with the sole issue being whether Mr. Townsend possessed the firearm. Detective Martin and Officers Czarnecki, Vargo, and Karjo testified in accordance with the facts set out above.

The defense called Mr. Robinson, who testified that he, Mr. Townsend, and Mr. Dixon were going to a liquor store when the police stopped them. Mr. Robinson further testified that he did not see Mr. Townsend with the gun prior to the traffic stop and did not believe that Officer Karjo had found the gun under the driver's seat. Mr. Townsend took the stand in his own defense and testified he did not own the gun or know whose gun it was. He testified that for ten years prior to the traffic stop, Detective Martin and Officer Czarnecki had occasionally harassed him. Mr. Townsend further accused Detective Martin of striking him while in police custody when he was sixteen, and that it was therefore out of fear that he gave the statement admitting to possession of the gun. The jury found Mr. Townsend guilty of being a felon in possession of a firearm. Mr. Townsend was sentenced to 37 months' imprisonment, and this appeal followed.

II.

By failing to move for a judgment of acquittal at trial, Mr. Townsend waived the right to challenge the sufficiency of the evidence on appeal; we therefore affirm because his conviction is

not a manifest miscarriage of justice. Mr. Townsend implicitly concedes in his brief that he did not move for a judgment of acquittal under Federal Rule of Criminal Procedure 29, and there is no docket entry indicating that such a motion was made.[1] The failure to make such a motion constitutes a waiver of the right to challenge the sufficiency of the evidence on appeal, absent a manifest miscarriage of justice. *United States v. Clark*, 294 F.3d 791, 793 (6th Cir. 2002); *United States v. Ford*, No. 94-6223, 1996 WL 5560, at *4 (6th Cir. Jan. 5, 1996); *see United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992) (en banc). Therefore, in order to prevail on appeal Mr. Townsend must show that, viewing the evidence in the light most favorable to the prosecution, his conviction is a manifest miscarriage of justice. *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998); *United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir. 1988).

Mr. Townsend's conviction does not amount to a manifest miscarriage of justice because the record is not "'devoid of evidence pointing to guilt.'" *Price*, 134 F.3d at 350 (quoting *United States v. Cannon*, 981 F.2d 785, 790 (5th Cir. 1993)). Viewing the evidence in the light most favorable to the prosecution, even if Mr. Townsend's confession is ignored, the record contains evidence that Mr. Townsend possessed the firearm. The arresting officers testified they saw him place something

---

[1]We note that the Government's argument regarding the sufficiency of the evidence does not reflect the higher standard of review applicable when a criminal defendant has failed to move at trial for a judgment of acquittal. However, even under the standard generally applicable when a criminal defendant has challenged the sufficiency of the evidence, Mr. Townsend's challenge to his conviction on this ground is without merit. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (when reviewing a challenge to the sufficiency of the evidence on appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in original)).

under the driver's seat of his automobile, the weapon was found under the driver's seat, and Mr. Townsend stated at the scene that he carried the gun for his protection. This is not at all a case where the evidence of a key element of the crime is so tenuous that his conviction is "shocking," and therefore Mr. Townsend's conviction for being a felon in possession of a firearm is affirmed. *See Ruiz*, 860 F.2d at 617.

As to Mr. Townsend's claim that his trial counsel was constitutionally deficient for failing to move to suppress his confession, we decline the invitation to address the merits of that argument. The general rule in this circuit is that ineffective assistance of counsel claims will not be heard on a direct appeal, absent a factual record sufficiently developed to allow the court to evaluate the merits of the claim. *United States v. Foster*, 376 F.3d 577, 593 (6th Cir. 2004); *United States v. Steverson*, 230 F.3d 221, 224 (6th Cir. 2000). The preferred method for reviewing ineffective assistance of counsel claims is a post-conviction proceeding under 28 U.S.C. § 2255, where a record specifically addressing the performance of counsel and the prejudice to the defendant can be developed. *See id.*; *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). This is especially true where, as in this case, the alleged error of defense counsel is one of omission because, except in the most unusual circumstances, the record will not reflect why a defense attorney declined a particular course of action. Given the "wide latitude [defense] counsel must have in making tactical decisions," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), absent a record explaining the decision of Mr. Townsend's trial counsel to forgo a motion to suppress his

confession, we decline to reach the merits of his ineffective assistance of counsel claim.

III.

Based on the foregoing, we AFFIRM Mr. Townsend's conviction, but decline to reach the

merits of his ineffective assistance of counsel claim on the record presented.