United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30206
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAMAR BROOKS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50066
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kevin Lamar Brooks appeals his jury-trial conviction for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). He contends that the evidence was insufficient to support his conviction.

Because Brooks failed to renew his Fed. R. Crim. P. 29 motion, this court reviews the sufficiency of evidence "not under the usual standard of review for claims of insufficiency of evidence but rather under a much stricter standard." United States v. Ruiz, 860 F.2d 615, 617 (5th Cir. 1988). The court is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited to determining "whether there was a manifest miscarriage of justice." Id. (citation and internal quotation marks omitted).

Brooks argues that the Government did not demonstrate beyond a reasonable doubt that he actually knew about and possessed the firearm, which was found between the mattress and box springs of a bed. However, there was testimony that Brooks, who was physically present in the residence when the firearm was discovered by law enforcement officers, admitted that the firearm was his. There was also evidence that Brooks's driver's license was found in a drawer in the same bedroom as the firearm, and that mail was sent to Brooks at the residence. The evidence adduced at trial was sufficient to establish Brooks's possession of the firearm. See United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993). Accordingly, the judgment of the district court is AFFIRMED.