**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-30811
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRYAN C MCCANN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-cr-0034-DDD-JDK-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bryan C. McCann appeals a condition of probation that was imposed under 18 U.S.C. § 3563 after he pleaded guilty to taking over the limit of ducks, violating non-toxic shot requirements, and hunting migratory birds with an unplugged gun in violation of 16 U.S.C. § 703. McCann's argument that the hunting restriction that was imposed as a condition of his probation is an occupational restriction that runs afoul of U.S.S.G. § 5F1.5 is unavailing. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines do not apply to misdemeanor convictions such as McCann's. *See* § 1B1.9.

McCann's argument that the hunting restriction is a greater deprivation of liberty than is reasonably necessary to meet the purposes of 18 U.S.C. § 3553 is likewise unavailing. The number of ducks attributed to McCann in connection with the instant conviction was double the daily bag limit. The offense occurred on McCann's property. McCann's criminal history included other hunting violations. Thus, the hunting restriction satisfied those § 3553(a) factors directed at deterrence, the nature and circumstances of the offense, and McCann's history and characteristics. *See* § 3563(b).

Moreover, the hunting restriction does not deprive McCann of liberty or property beyond what is reasonably necessary to meet the purposes of § 3553(a)(2). McCann is not restricted from being on his farm for purposes unrelated to hunting when hunting is not occurring; nor is he precluded from managing or supervising activities on his property through an agent when hunting is occurring. Given that McCann committed the hunting violations on property he owns, the hunting restriction as a condition of his probation was not an abuse of discretion. *See United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002); *United States v. Merritt*, 639 F.2d 254, 256 (5th Cir. 1981).

AFFIRMED.