**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2012

No. 11-51085
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM ARNOLD ZELLMAR, also known as William A. Zellmar,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-72-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant William Arnold Zellmar appeals his jury trial conviction under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, for driving while intoxicated in a public place within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. §§ 7(3) and 13 and Texas Penal Code §§ 49.04 and 49.09(b)(2). Zellmar contends that the evidence was insufficient to show that he was in a public place when he drove a vehicle while intoxicated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zellmar did not preserve his challenge to the sufficiency of the evidence by making a motion for a judgment of acquittal. Therefore, we review Zellmar's challenge to the sufficiency of the evidence only to determine whether there was a manifest miscarriage of justice. *See United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992). A manifest miscarriage of justice exists only if the record is "devoid of evidence pointing to guilt" or if the evidence "was so tenuous that a conviction would be shocking." *United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir. 1988) (internal quotation marks and citation omitted).

> The ACA provides that: a person who is guilty of an act or omission, not punishable by any enactment of Congress, committed within the special maritime or territorial jurisdiction of the United States (i.e. a federal enclave), that would be punishable if committed within the jurisdiction of the state, territory, possession or district in which the federal enclave is located, is subject to federal prosecution under the state law.

*United States v. Fesler*, 781 F.2d 384, 386 n.1 (5th Cir. 1986). Pursuant to Texas Penal Code § 49.04(a), a person commits the offense of driving while intoxicated if he was intoxicated while operating a motor vehicle in a public place. Under Texas law a public place is defined as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." *Id.* at § 1.07(a)(40).

Zellmar insists that there is insufficient evidence that the tank trail on which he drove was a public place. There is no indication in the record, however, that there was anything preventing a member of the public from driving on the tank trail. *See United States v. Collazo*, 117 F.3d 793, 796 (5th Cir. 1997). A rational jury could conclude that members of the public had access to the area where Zellmar was found and that the tank trail thus was a public place. *See id.* at 795; *Ruiz,* 860 F.2d at 617. Alternatively, evidence was presented that

Zellmar drove on Nolanville Road while intoxicated and that Nolanville Road is a public road.

The record in this case is not devoid of evidence pointing to guilt. *See Ruiz*, 860 F.2d at 617, including sufficient evidence to prove the intoxication, driving, and public place elements of the charged offense. The judgment of the district court is

AFFIRMED.