United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41369
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO DUENAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1348-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Duenas appeals from his conviction of
possession with intent to distribute more than 50 grams of
methamphetamine. He contends that the district court erred by
failing to hold a colloquy pursuant to 21 U.S.C. § 851(b) before
using a prior conviction to enhance his sentence under 21 U.S.C.
§ 841(b)(1)(A); that the use of the prior conviction to enhance
his sentence was unconstitutional because the prior conviction
was not alleged in his indictment or proved to a jury beyond a
reasonable doubt; and that 21 U.S.C. § 841 violates <u>Apprendi v.</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

New Jersey, 530 U.S. 466 (2000).  We review all of Duenas's contentions under the plain-error standard.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Duenas has failed to demonstrate reversible error regarding the district court's failure to hold a colloquy pursuant to 21 U.S.C. § 851(b), as he did not challenge the information indicating the Government's desire to use his prior conviction to enhance his sentence.  See United States v. Thomas, 348 F.3d 78, 87 (5th Cir. 2003), cert. denied, 124 S. Ct. 1481 (2004).  United States v. Reyna, 358 F.3d 344 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 2390 (2004), is inapposite to Duenas's case.

Duenas correctly concedes that his remaining contentions are foreclosed, but he seeks to preserve them for further review.  First, the fact of a prior conviction need not be alleged in an indictment or proved to a jury beyond a reasonable doubt.  See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Second, Apprendi did not render 21 U.S.C. § 841 facially unconstitutional.  United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED.