United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 03-30427

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES EDWARD GILES,

Defendant - Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana, Monroe
02-CR-30015-ALL
--------------------

Before SMITH, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Charles Edward Giles appeals his sentence enhanced by 21 U.S.C. § 841(b)(1)(A).[1]

Appellant argues that his sentence should be reversed because the district court failed to comply with

the colloquy requirement of 21 U.S.C. § 851(b). Because this argument is raised for the first time

on appeal, we review for plain error. *See United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003),

———————————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 21 U.S.C. § 841(b)(1)(A) provides for a mandatory life sentence for defendants convicted of an offense involving more than 50 grams of cocaine base if the defendant has two or more prior convictions for a felony drug offense.

*cert. denied*, 124 S. Ct. 1481 (2004).

Appellant concedes that the government filed an information alleging his prior convictions. The presentence investigation report ("PSR") also listed Appellant's prior convictions, yet Appellant failed to object to the PSR. Further, Appellant failed to challenge the convictions per § 851(c) and does not argue that he would or could have raised a proper challenge to his prior convictions had he received the district court's warning under section 851(b). The district court's failure to conduct the colloquy contemplated in 21 U.S.C. § 851(b) is, therefore, not reversible error. *See Thomas,* 348 F.3d at 86-88; *United States v. Majors*, 328 F.3d 791, 797 (5th Cir. 2003).

Appellant also claims that his trial counsel's performance at sentencing was constitutionally ineffective. This claim was not raised in the district court. The district court, therefore, did not fully develop a record on the issue. "In this Circuit the general rule is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal unless it has been first raised before the district court. This rule is not merely a procedural technicality. Unless the district court has developed a record on the defendant's allegations, we cannot fairly evaluate the merits of the claim." *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991) (internal citations omitted). Accordingly, we dismiss Appellant's claim of ineffective assistance of counsel on direct appeal, without prejudice, however, to his right to raise the issue in habeas corpus proceedings. *Id.*

For the reasons expressed herein, we affirm Appellant's conviction and sentence.

AFFIRMED.