United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-40608
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**REGINALDO VALDEZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Eastern District of Texas
(4:04-CR-122-1)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reginaldo Valdez was convicted in a bench trial of possessing approximately 435 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841, and of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He received concurrent sentences of life and 120 months in prison, respectively. The life sentence was imposed pursuant to 21 U.S.C. § 841(b)(1)(A) (requiring a mandatory life sentence where the defendant has committed two prior drug felonies).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Valdez asserts the evidence was insufficient to support his drug-trafficking conviction because it did not establish he possessed 435 grams of pure methamphetamine.  A drug quantity in the indictment is needed if the Government is seeking to enhance a sentence pursuant to § 841(b)(1)(A).  *See **United States v. Doggett***, 230 F.3d 160, 164-65 (5th Cir. 2000), *cert. denied*, 531 U.S. 1177 (2001).  Pursuant to the standard of review for a bench trial, Valdez cannot establish that no "rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt".  ***United States v. Shelton***, 325 F.3d 553, 557 (5th Cir.), *cert. denied*, 540 U.S. 916 (2003).  To the extent Valdez is asserting that the difference between the allegations in the indictment and the proof at trial constituted a fatal variance, any such error was harmless.  *See **United States v. Thomas***, 12 F.3d 1350, 1357 (5th Cir.), *cert. denied,* 511 U.S. 1095 (1994).

Valdez contends that the district court denied him due process by failing, before sentencing, to conduct the colloquy required by 21 U.S.C. § 851(b) (requiring the district court to ask the defendant whether he affirms or denies that he has been previously convicted and to inform him any subsequent challenge to these convictions may not be raised post-sentencing).  Because he did not raise this claim in the district court, we review only for plain error.  ***United States v. Thomas***, 348 F.3d 78, 86 (5th Cir. 2003), *cert. denied*, 540 U.S. 1207 (2004).  Even if error is presumed,

2

Valdez has failed to establish it affected his substantial rights. *See **United States v. Fragoso**,* 978 F.2d 896, 902-03 (5th Cir. 1992), *cert. denied*, 507 U.S. 1012 (1993).

Valdez also asserts that § 851(b), (c)(2), and (e) (defendants seeking to challenge a prior conviction on constitutional grounds must do so with particularity prior to sentencing, showing by a preponderance of the evidence any issue of fact, or else the claim is waived; any convictions older than five years may not be challenged) violate the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2, because they limit a defendant's ability to collaterally attack his prior convictions. He cannot establish that these limitations in the avenues of relief constitute a violation of the Constitution. *See*, *e.g.*, **Felker v. Turpin**, 518 U.S. 651, 664 (1996)(limiting successive habeas applications does not violate Suspension Clause).

*AFFIRMED*