United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-51364
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

SHAMICA LONETTE STILLEY,

Defendant-Appellant.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 7:05-CR-50-ALL)

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

Shamica Stilley was convicted of possession with intent to distribute marijuana.

Stilley appeals the denial of her motion to suppress as well as the admission of

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

404(b) extraneous offense evidence. We affirm for the following reasons:

1.      Under the two-part *Terry* reasonable suspicion test, we inquire whether the officer's action during a traffic stop was: (1) "justified at its inception"; and (2) "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879, 20 L. Ed. 2d 889, 905 (1968). In *United States v. Gonzalez*, 328 F.3d 755 (5th Cir. 2003), the defendant appealed a narcotics conviction for drugs found in the course of a traffic stop. The court held that nervous behavior exhibited by Gonzalez gave rise to additional reasonable suspicion that Gonzalez was involved in drug trafficking. *Id*. at 758. Like Gonzalez, Stilley was found late at night on a road associated with drug trafficking and exhibited physical manifestations of nervousness. Stilley's claim to have experienced pregnancy-related contractions is inconsistent with the act of driving alone to Dallas at 2:00 a.m. Taken together, these facts gave rise to a reasonable suspicion that Stilley was involved in drug trafficking.

2.      The voluntariness of consent is a question of fact to be determined from a totality of the circumstances, and we review the district court's finding of voluntariness for clear error. *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). The totality of the circumstances under which the voluntariness of consent to a search is to be reviewed includes: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the

defendant's cooperation with the police; (4) the defendant's awareness of her right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. *United States v. Valentine*, 401 F.3d 609, 613 (5th Cir. 2005). Stilley's level of cooperation with the police was high, as demonstrated by her decision to volunteer details about her family situation and putative perfume business. With respect to Stilley's education and intelligence, there is no record evidence that Stilley failed to understand that her verbal consent would result in a physical search. Accordingly, we cannot say that the district court's voluntariness conclusion was clearly erroneous.

3. "A warrantless arrest must be based on probable cause." *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). Aluminum packages are not normally found in gas tanks. Under the totality of the circumstances, there was probable cause to make the arrest.

4. We review evidentiary rulings for abuse of discretion. *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002). Evidence of extrinsic offenses is admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). By pleading not guilty, Stilley raised the issue of knowledge and intent. *United States v. Thomas*, 348 F.3d 78, 86 (5th Cir.

2003) ("[T]he issue of intent is material to prosecution of drug trafficking offenses."). Evidence of Stilley's prior marijuana distribution was relevant to issues other than her character; it was relevant to prove her knowledge of and experience with marijuana sales in the area and her continuing intent to engage in this activity. The highly probative value of this evidence was not substantially outweighed by the danger of unfair prejudice in light of the other evidence introduced at trial implicating Stilley as a distributor of marijuana. Lastly, the trial judge gave the jury a limiting instruction. For these reasons, the trial court did not abuse its discretion.

Affirmed.