United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50659
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO CARDENAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-85-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:*

Alejandro Cardenas appeals his sentence of two concurrent 80-month terms of imprisonment imposed for his guilty-plea conviction of importation of marijuana and possession with the intent to distribute marijuana. Cardenas challenges the constitutionality of the treatment of his prior drug convictions as sentencing factors rather than offense elements that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cardenas's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Cardenas contends that Almendarez-Torres was incorrectly decided and a majority of the current Court would overrule it in the light of Apprendi and subsequent Supreme Court authority. We have repeatedly rejected such contentions because Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Cardenas properly concedes that his argument is foreclosed in light of Almendarez-Torres, but he raises it here to preserve it for further review.

Cardenas also argues that the district court committed plain error by failing to ask whether he affirmed or denied his prior convictions, as required by 21 U.S.C. § 851(b). Because Cardenas has not alleged that he did not commit the prior offenses or that the convictions were unconstitutionally obtained, he has not shown plain error. See United States v. Thomas, 348 F.3d 78, 86-87 (5th Cir. 2003).

AFFIRMED.