IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 1, 2008

Charles R. Fulbruge III
Clerk

No. 06-10933
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFRED WILLIAM BRYANT

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CR-20-1

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfred William Bryant appeals his jury trial conviction of conspiracy to possess with intent to distribute crack cocaine, possession with intent to distribute crack cocaine and aiding and abetting, possession of a firearm in the furtherance of a drug trafficking crime and aiding and abetting, and being a felon in possession of a firearm. Bryant contends that the district court abused its discretion by admitting evidence under FED. R. EVID. 404(b) regarding: (1) the facts surrounding Bryant's January 13, 2003, arrest for manufacture/delivery of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a controlled substance, and (2) the facts surrounding Bryant's May 12, 2004, arrest for possession of a controlled substance. Bryant's defense was that he lacked the intent to participate in a drug trafficking crime, i.e., that "he was in the wrong place at the wrong time."

A district court's admission of Rule 404(b) evidence is reviewed under a heightened abuse-of-discretion standard. United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995). "Evidence of other crimes, wrongs or acts . . . to prove the character of a person in order to show action in conformity therewith" is inadmissible. FED. R. EVID. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. This court reviews challenges to the admission of extrinsic evidence under Rule 404(b) with reference to the Beechum two-prong test. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). First, the extrinsic evidence must be "relevant to an issue other than the defendant's character." Id. Second, the evidence must have probative value that is not substantially outweighed by undue prejudice and must otherwise be admissible under Rule 403. Id.

Bryant argues that the extrinsic evidence regarding his arrests should have been excluded under United States v. Sumlin, 489 F.3d 683 (5th Cir. 2007) because it was unreliable for the following reasons: (1) the crack cocaine recovered in 2003 and 2004 was never proved to be crack cocaine, and (2) the Government never indicted him as a result of his 2003 and 2004 arrests.

The nature of the extrinsic evidence admitted in the instant case is clearly distinguishable from that admitted in Sumlin. In the instant case, Bryant was targeted in search warrants as a suspected drug trafficker. The police officers involved in each search testified that in their experience, the evidence they recovered -- several firearms, over $23,000 in cash, cocaine (which field-tested positive as cocaine), and drug paraphernalia -- indicated that drugs were being sold from the houses they searched. Thus, the evidence regarding Bryant's 2003

and 2004 arrests was sufficient, under a preponderance of the evidence standard, to prove that Bryant committed the extrinsic offenses. See United States v. Duffant, 314 F.3d 203, 209 (5th Cir. 2002); United States v. McCarty, 36 F.3d 1349, 1353 (5th Cir. 1994).

Bryant has likewise failed to show that extrinsic evidence was relevant only to his character. See Beechum, 582 F.2d at 911. Rather, the evidence was admissible under FED. R. EVID. 404(b) because Bryant asserted a defense of a lack of intent, and the other-acts evidence was admitted for the limited purpose of showing that Bryant had the intent to conspire to traffic drugs and to traffic drugs. See United States v. Gordon, 780 F.2d 1165, 1174 (5th Cir. 1986); United States v. Thomas, 348 F.3d 78, 86 (5th Cir. 2003).

Bryant has also failed to show that the probative value of the contested evidence was outweighed by the danger of unfair prejudice. To the contrary, the similarity of the extrinsic offenses and the charged offenses, the temporal proximity of the extrinsic offenses and the charged offenses, and the district court's instruction that the evidence could be considered only with regard to Bryant's intent or state of mind satisfy the second prong of the Beechum test. See United States v. Bermea, 30 F.3d 1539, 1562 (5th Cir. 1994); United States v. Hernandez-Guevara, 162 F.3d 863, 872 (5th Cir. 1998); United States v. Brugman, 364 F.3d 613, 621 (5th Cir. 2004).

AFFIRMED.