# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-50769
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANNA LILIA SANTACRUZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-201-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anna Lilia Santacruz was convicted by a jury of conspiracy to import, distribute and possess with intent to distribute fifty grams or more of methamphetamine. The district court sentenced her to 262 months of imprisonment and ten years of supervised release. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Santacruz first challenges the sufficiency of the evidence. We review de novo the district court's denial of a motion for judgment of acquittal. United States v. Lopez-Urbina, 434 F.3d 750, 757 (5th Cir. 2005).

> We will affirm the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict.

Id. (quoting United States v. Floyd, 343 F.3d 363, 370 (5th Cir. 2003)). In order to prove the conspiracy, the Government had to prove beyond a reasonable doubt "(1) the existence of an agreement between two or more persons; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the conspiracy." United States v. Tenorio, 360 F.3d 491, 495 (5th Cir. 2004).

At trial the Government offered the testimony of Santacruz's co-conspirator Rita Tarango, who testified that she transported the drugs for Santacruz. The Government also introduced cell phone records that revealed that Tarango and Santacruz were repeatedly in contact with each other, including multiple calls during the time Tarango testified that she was transporting the drugs for Santacruz. The Government introduced other evidence, in particular border crossing records and a receipt, that supported aspects of Tarango's testimony.

Santacruz argues that Tarango's testimony was inherently unreliable. She notes that Tarango did not implicate her at first and had a motive to lie in order to lower her sentence. She adds that Tarango had a prior felony conviction for forgery and was a known drug user. She argues that the only real evidence of any link between her and Tarango were the cell phone records. She contends that there was no evidence, other than Tarango's testimony, of the content of the calls or the parties to the calls.

"As long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has chosen to cooperate with the government in exchange for non-prosecution or leniency, may be constitutionally sufficient evidence to convict." United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997). Tarango's testimony was not incredible or insubstantial on its face. See United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994) ("Testimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature."). The credibility of a witness is for the jury to decide, see United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993), and Santacruz had ample opportunity to impeach her. A rational jury could have found beyond a reasonable doubt that Tarango's testimony about Santacruz's participation in the conspiracy established the necessary elements for a drug conspiracy.

Santacruz also argues that the admission of evidence of her prior conviction for possession with intent to distribute marijuana violated Federal Rule of Evidence 403 and 404(b). The district court ruled that the prior conviction was relevant to Santacruz's "state of mind, her intent, her knowledge, and whether or not she committed this current offense by mistake or accident." The court found that the probative value of the evidence outweighed any prejudice to Santacruz. This court reviews a district court's decision to admit Rule 404(b) evidence for abuse of discretion, with heightened review in criminal cases. United States v. Pompa, 434 F.3d 800, 805 (5th Cir. 2005). United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc), creates a two-step process for analyzing the admissibility of Rule 404(b) evidence. "'First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403.'" United States v. Miller, __ F.3d __, 2008 WL

712047, at *4 (5th Cir. Mar. 18, 2008) (quoting United States v. Mitchell, 484 F.3d 762, 774 (5th Cir. 2007)).

Santacruz's plea of not guilty to the charge of conspiracy placed her intent at issue for purposes of Rule 404(b). See Pompa, 434 F.3d at 805. The closing arguments make clear that the principle question in the case was whether the association between Tarango and Santacruz was innocent or if Santacruz was involved in a drug conspiracy with Tarango. Nor was the prior conviction so different from the instant offense that it should not have been admitted. See United States v. Broussard, 80 F.3d 1025, 1039-40 (5th Cir. 1996) (evidence of prior conviction for possession of marijuana admissible in trial for cocaine conspiracy).

The district court instructed the jury on the limited purpose for which it could use the evidence of Santacruz's prior conviction, which minimized the potential prejudicial effect of the admission of the evidence. See United States v. Thomas, 348 F.3d 78, 86 (5th Cir. 2003). The district court did not abuse its discretion in admitting the evidence.

AFFIRMED.