# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2011

Lyle W. Cayce
Clerk

No. 10-50070
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMON VALADEZ, also known as Tio,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-992-9

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raymon Valadez, also known as Tio, appeals his jury trial conviction and sentence for conspiracy to possess with intent to deliver more than 100 kilograms of marijuana. He argues that the district court plainly erred in admitting evidence of his prior conviction for conspiracy to possess with intent to distribute marijuana under Rule 404(b) of the Federal Rules of Evidence, that the district court plainly erred in failing to give jury instructions regarding the object offense of the conspiracy, that his sentence should be vacated in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. O'Brien*, 130 S. Ct. 2169 (2010), and that the district court erred in determining the amount of drugs attributable to him based on his relevant conduct.

Because Valadez did not object to the admission of the evidence of his prior conviction at trial, review is for plain error. *See United States v. Stephens*, 571 F.3d 401, 409 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As the district court correctly noted, evidence of Valadez's past conviction for the same offense was relevant to show Valadez's intent to commit the instant offense. *See United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003). In addition, evidence of a defendant's conviction for a similar crime is more probative than prejudicial. *United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000). Further, any prejudicial effect of the evidence was minimized by the district court's instructions to the jury. *Id.* Thus, the district court did not plainly err in admitting evidence of Valadez's prior conviction.

Valadez also argues that the trial court erred in failing to provide the jury with instructions pertaining to the elements of possession of marijuana with the intent to distribute. Because Valadez neither requested jury instructions on the object offense nor objected to the jury instructions that were given, review is for plain error. *See United States v. Betancourt*, 586 F.3d 303, 305-06 (5th Cir. 1998).

"The failure to instruct the jury on the substantive or 'object' crimes of a conspiracy charge is not always plain error." *United States v. Vaglica*, 720 F.2d 388, 391 (5th Cir. 1983). Although such an omission may be a serious error, we have found it to be harmless where, as in this case, the defense raised no

question as to the elements of the substantive crimes. *Id.* Valadez's defense was that he was not a part of the conspiracy and that any connection to the smugglers and their activities was coincidental. Accordingly, the district court's failure to instruct the jury on the object offense was not plain error under the circumstances.

As for Valadez's argument that his sentence must be vacated in light of *United States v. O'Brien*, 130 S. Ct. 2169 (2010), this error was not raised below and is therefore reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Valadez's argument is based on an extension of *O'Brien*, and, therefore, cannot involve a clear or obvious error. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).

We further find that the district court did not clearly err in determining that Valadez was responsible for 497.08 kilograms of marijuana. The evidence reflects that drug trafficking activities described in the presentence report (PSR) were substantially connected to the instant offense by common purpose and a similar modus operandi, and therefore the district court did not clearly err in finding that this activity constituted relevant conduct. *See United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009). Although Valadez contends that the information in the PSR did not have sufficient indicia of reliability, he has presented no rebuttal evidence to show that the information contained in the PSR was inaccurate or materially untrue, *see United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007), and has failed to demonstrate that the district court's drug-quantity calculation was clearly erroneous in light of the record as a whole. *See Betancourt*, 422 F.3d at 246.

The judgment of the district court is AFFIRMED.