# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2011

Lyle W. Cayce
Clerk

No. 10-50706
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS CARLOS CHACON-HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CR-54-2

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Carlos Chacon-Hernandez was convicted after a jury trial of aiding and abetting the possession with intent to distribute 50 to 100 kilograms of marijuana. On appeal, he argues that the evidence was insufficient because the Government did not prove that he actually or constructively possessed the marijuana. He further contends that the evidence did not establish that he aided and abetted the possession of marijuana. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We view the evidence in the light most favorable to the verdict; we will uphold a jury's verdict if a reasonable trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt. *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). "To sustain a conviction for possession of marijuana with intent to distribute, the government must prove beyond a reasonable doubt (1) knowing (2) possession of marijuana (3) with intent to distribute it." *United States v. Ricardo*, 472 F.3d 277, 282-83 (5th Cir. 2006) (internal quotation marks and citation omitted). To prove aiding and abetting, "the Government must establish that the substantive offense occurred and that the defendant (1) associated with the criminal venture; (2) purposefully participated in the crime; and (3) sought by his actions for it to succeed." *United States v. Pando Franco,* 503 F.3d 389, 394 (5th Cir. 2007).

The evidence showed that Chacon-Hernandez entered the United States with five other men and that he knew marijuana was being transported during the journey. Once inside this country, Chacon-Hernandez and the five others were picked up by Jose Padilla. Backpacks containing 88.7 kilograms of marijuana were placed in Padilla's truck. Chacon-Hernandez exited the truck with the other individuals and remained with them while the bags were unloaded and thrown across a fence. The group then traveled together until they were pursued by Border Patrol agents, at which time Chacon-Hernandez paired with his co-defendant, Luis Armando Gavaldon-Juarez.

Hours later, Chacon-Hernandez and Gavaldon-Juarez called 911 and asked for directions. The call was broadcast to a Border Patrol agent's radio, and he subsequently drove to the area where Chacon-Hernandez and Gavaldon-Juarez said they were located, which was approximately three miles from the backpacks of marijuana. When the agent arrived at the scene, he observed Chacon-Hernandez and Gavaldon-Juarez standing on the roadway, cold and shaking. After Chacon-Hernandez and Gavaldon-Juarez both admitted to being in the United States illegally, the agent discovered in their possession a cell

phone that had been used to contact Padilla. Padilla explained that he had received phone calls on his personal cell phone with instructions regarding the arranged pick up.

Chacon-Hernandez's story was implausible. He testified that he had obtained a free ride into the United States with other individuals who were carrying marijuana. Chacon-Hernandez further stated that he intended to visit his father in Odessa, Texas. However, Chacon-Hernandez did not know where his father lived, did not know his father's phone number, and admitted that his father had no knowledge that Chacon-Hernandez intended to visit him. Although Chacon-Hernandez's father had lived in Odessa for two years, Chacon-Hernandez had never visited.

Chacon-Hernandez admitted that he had a prior conviction for possession of marijuana. His conviction was relevant to establishing intent for the instant offense. *See United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003).

There was sufficient evidence to establish that Chacon-Hernandez shared the criminal intent to possess marijuana with an intent to distribute it, that he engaged in affirmative conduct to make the venture succeed, and that he sought by his actions to make the venture succeed. *See Pando Franco*, 503 F.3d at 394. A reasonable trier of fact could have found beyond a reasonable doubt that Chacon-Hernandez was guilty of aiding and abetting the possession with intent to distribute marijuana. *See Percel*, 553 F.3d at 910.

Accordingly, the judgment of the district court is AFFIRMED.