# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

No. 12-60826
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES BARRETT MERRILL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CR-124-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charles Barrett Merrill pleaded guilty to conspiring to make false reports for the purpose of influencing a federally insured bank and the Rural Development Administration in connection with a loan, in violation of 18 U.S.C. § 371 and § 1014. In his written plea agreement, Merrill waived his right to appeal his conviction and sentence and the right to contest or collaterally attack his conviction and sentence in any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

post-conviction proceeding. The district court sentenced him to 18 months of probation and $117,493.27 in restitution.

Merrill argues that the indictment is insufficient because it fails to allege a cognizable federal offense within the time frame set forth by the grand jury. Specifically, he contends that he is not alleged to have joined the conspiracy until after the conspiracy ended because the indictment alleged that the conspiracy occurred "[f]rom on or about January 1999 to on or about March 2000" and his overt acts were alleged to have occurred in July and November of 2000. We need not decide whether the appeal waiver bars this claim, *see United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001) (noting that we were aware of no authority "that holds that a defendant can waive his substantive right 'to be free of prosecution under an indictment that fails to charge an offense'" (internal quotation marks and citation omitted)), because in any event it has no merit.

The sufficiency of the indictment is reviewed de novo. *United States v. Hoover*, 467 F.3d 496, 498 (5th Cir. 2006). As the indictment tracks the language of the statute, it was sufficient to give Merrill notice of the crime with which he was charged. *See United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003). In the context of a variance between the indictment and proof at trial, we have held that "an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient." *United States v. Girod*, 646 F.3d 304, 316 (5th Cir. 2011) (internal quotation marks and citation omitted). Under *Girod*, the slight variance is insufficient to undermine the validity of the indictment. *Id.* Moreover, prior to Merrill's entering his guilty plea, the district court determined that the conspiracy ended on November 30, 2000, and stated that

the government would be allowed to amend the indictment to reflect this. Although the government never did so, Merrill was sufficiently aware of the November 2000 end-date to prepare his defense and to protect himself from double jeopardy in any subsequent proceeding. *See United States v. Ramos,* 537 F.3d 439, 459 (5th Cir. 2008).

Merrill also argues that there is no factual basis to support his guilty plea because the factual basis alleges that he joined the conspiracy after the conspiracy ended. Such an argument is not barred by an appeal waiver. *See United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008).

Because Merrill failed to challenge the sufficiency of the factual basis in the district court, review is for plain error. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). In determining whether there has been plain error, we may consider the entire record in assessing whether there is an adequate factual basis for a guilty plea. *United States v. Vonn*, 535 U.S. 55, 74 (2002); *United States v. Oliver*, 630 F.3d 397, 412 (5th Cir. 2011). In addition to the facts adduced in the plea agreement and during the colloquy, we may consider "fairly drawn" inferences from evidence presented after the plea but before or at sentencing. *Hildenbrand*, 527 F.3d at 475 (internal quotation marks and citation omitted). Moreover, "[a]n indictment or information can be used as the sole source of the factual basis for a guilty plea" if it is sufficiently specific. *Id.* (internal quotation marks and citation omitted).

Based on the indictment and facts set forth at the hearing, the district court could fairly draw the inference that Merrill conspired to make false statements for the purpose of influencing the action of a federally insured bank and the Rural Development Administration in connection with a loan. Moreover, even if the district court did commit a clear or obvious error in accepting the factual basis, Merrill fails to show that the error affected his

substantial rights because he does not contend that he would not have pleaded guilty but for the court's alleged error. *See id.*

In addition, Merrill argues that the district court erred by denying his motion to withdraw his guilty plea because he asserted his innocence; withdrawal would not prejudice the government; there was just cause for the delay in filing his motion to withdraw; withdrawal would not substantially inconvenience the court; he did not receive close assistance of counsel; and his plea was not knowing and voluntary. Merrill may raise his argument regarding the denial of his motion to withdraw his guilty plea because a waiver-of-appeal provision is not valid unless both the plea and the waiver were knowingly and voluntarily entered. *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999).

We review the district court's decision to deny a motion to withdraw for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). A review of the record, Merrill's arguments, and the district court's consideration of the factors listed in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), shows that the district court did not abuse its discretion in denying Merrill's motion to withdraw his guilty plea. *See id.*

Finally, Merrill argues that the district court erred in denying his request to reject the plea agreement because he was not heavily involved in the conspiracy and more culpable defendants were not punished as harshly as he was. To the extent that this argument is not waived by the appeal waiver, it is without merit. Merrill's argument deals with facts and circumstances arising after he entered a guilty plea. Thus, he has not shown why the district court should have rejected his plea or plea agreement.

The judgment of the district court is AFFIRMED.