**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-4346**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARRELL RAESHON BORDEAUX,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-cr-00428-M-1)

―――――――――

Submitted:  August 22, 2024                     Decided:  August 26, 2024

―――――――――

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a three-day trial, a jury convicted Jarrell Raeshon Bordeaux of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 846, ten substantive counts of distributing unspecified quantities of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court subsequently imposed an aggregate 248-month downward variant sentence. On appeal, Bordeaux's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no potentially meritorious issues for appeal, but questioning several aspects of the proceedings below. Although advised of his right to file a pro se supplemental brief, Bordeaux has not done so. The Government has declined to file a response brief. For the reasons explained below, we affirm the district court's judgment.

First, counsel argues that the superseding indictment was legally insufficient as to the conspiracy count because it did not specifically allege that Bordeaux had an agreement to distribute narcotics with two or more persons. In considering this argument, the district court relied on our unpublished decision in *United States v. Black*, 133 F.3d 917, 1997 WL 787090, at *1 (4th Cir. 1997) (table), to hold that the indictment was sufficient because it alleged a conspiracy to distribute drugs; the relevant time frame, place, and drugs involved; and cited the statute allegedly violated. "We review the district court's factual findings on

2

a motion to dismiss an indictment for clear error, but we review its legal conclusions de novo." *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (internal quotation marks omitted).

Upon review, we agree with the district court's legal holding as it is consistent with the rationale expressed in *Black*. Notably, the conspiracy count charged Bordeaux with violating 21 U.S.C. §§ 841(a)(1), 846 by conspiring and agreeing to distribute and possess with intent to distribute certain quantities of heroin and fentanyl, in the Eastern District of North Carolina and elsewhere, from October 2019 through on or about June 30, 2020. The court's rationale is also supported by persuasive sister circuit authority. Specifically, as the district court explained, the indictment was not legally insufficient—despite not alleging that Bordeaux "conspired with persons known and unknown"—because "the word 'conspiracy' incorporates within its definition an agreement with another person." (E.R. 1842)[*]; *see United States v. Thomas*, 348 F.3d 78, 83-84 (5th Cir. 2003) (holding that indictment was sufficient "because the involvement of another person acting in concert with [the defendant] is implicit in the use of the words 'combine, conspire, and confederate'" as stated in the indictment, and the evidence at trial showed that the defendant conspired with another person). We thus reject this assignment of error.

Bordeaux next questions whether sufficient evidence supports his conspiracy conviction. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the

---

[*] Citations to the "E.R." refer to the compiled Electronic Record.

evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *Id*. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id*. (internal quotation marks omitted).

To convict Bordeaux of conspiracy to distribute the specified quantities of heroin and fentanyl, the Government had to prove each of the following elements beyond a reasonable doubt: (1) there was an agreement between two or more persons to possess with intent to distribute the charged narcotics; (2) Bordeaux knew of this agreement or conspiracy; and (3) Bordeaux knowingly and voluntarily participated in or became a part of this agreement or conspiracy. *United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010); *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

As to the first element—which is (and was) the only element in dispute—the trial transcript confirms that, during the underlying investigation, Bordeaux made statements to both the involved confidential informant and the lead detective that proved that Bordeaux received the drugs he sold from an unidentified third party. Moreover, evidence of a defendant buying or selling a substantial quantity of drugs over a short period of time is enough to raise an inference of a distribution conspiracy, *United States v. Reid*, 523 F.3d

4

310, 317 (4th Cir. 2008), and the Government's evidence established that Bordeaux sold approximately 260 grams of heroin and fentanyl to the confidential informant over the charged period. On this record, we readily conclude that the Government satisfied its burden of proof as to the conspiracy count.

Finally, Bordeaux assigns error to the court's rejection of his motions to suppress evidence seized from his residence and a storage unit pursuant to search warrants and for reconsideration of that ruling, both of which posited that police officers made false statements in their warrant applications. In evaluating the denial of a motion to suppress, "we review that court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018).

A defendant is entitled to attack an otherwise facially valid search warrant affidavit under the "narrow exception" created in *Franks v. Delaware*, 438 U.S. 154 (1978). "To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that the affiant made (1) a false statement (2) knowingly and intentionally, or with reckless disregard for the truth that was (3) necessary to the finding of probable cause." *United States v. White*, 850 F.3d 667, 673 (4th Cir. 2017) (internal quotation marks omitted). Upon review of the orders, we agree with the district court that nothing in either motion justified a *Franks* hearing because, at bottom, Bordeaux did not explain the basis for his multiple assertions of falsity or make a sufficient showing that the officers acting knowingly or intentionally or with a reckless disregard for the truth. We thus affirm the denial of Bordeaux's initial motion to suppress and find no abuse of discretion in the court declining

5

to reconsider that ruling. *See United States v. Dickerson*, 166 F.3d 667, 677-78 (4th Cir. 1999) (providing standard of review for denial of motion to reconsider previously adjudicated motion to suppress), *rev'd on other grounds*, 530 U.S. 428 (2000).

In accordance with *Anders*, we have reviewed the entire record in this case for any potentially meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Bordeaux, in writing, of the right to petition the Supreme Court of the United States for further review. If Bordeaux requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bordeaux.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*